KEITH E. PARKER, Petitioner-Appellee,
v.
CARL PUHI, Respondent-Appellant.
No. 29463.
Intermediate Court of Appeals of Hawaii.
September 30, 2009.
On the briefs:
Madelyn S. D'Enbeau, Deputy Corporation Counsel, County of Maui, for Respondent-Appellant.
Keith E. Parker and Melony A. Parker, Pro Se Petitioners-Appellees.

SUMMARY DISPOSITION ORDER
NAKAMURA, C.J., FUJISE and LEONARD, JJ.
Respondent-Appellant Carl Puhi (Puhi) appeals from the "Order Granting Petition for Injunction Against Harassment" (Order), filed on October 14, 2008, in the District Court of the Second Circuit, Molokai Division (district court).[1] For the reasons explained below, we reverse the district court's Order.
On September 5, 2008, Petitioner-Appellee Keith E. Parker (Keith) filed a "Petition for Ex Parte Temporary Restraining Order and for Injunction Against Harassment" (Petition) against Puhi. On September 9, 2008, an Amended Petition was filed which added Keith's wife, Melony A. Parker (Melony), as a petitioner. The district court issued a temporary restraining order against harassment in favor of Keith and Melony (collectively, the "Parkers") and scheduled the hearing on the Parkers' petition for injunction for October 14, 2008.
After the hearing, the district court orally granted the Parkersf petition for injunction against harassment. On October 14, 2008, the district court issued the Order, which restrained and enjoined Puhi from contacting, threatening, physically harassing, or telephoning "the Petitioner(s)" or from visiting "the Petitioner(s)'" residence or place of employment. Although the district court had orally granted the injunction in favor of both Keith and Melony, the Order only identified Keith as the petitioner.[2] The Order was effective for a period of three years after its issuance unless terminated or modified by order of the district court.
On appeal, Puhi contends that the district court erred in: 1) "concluding that the single incident described by the Parkers amounted to a course of conduct as defined by [Hawaii Revised Statutes (HRS)] § 604-10.5(a)"; 2) "concluding that clear and convincing evidence supported the allegation that Puhi engaged in an intentional or knowing course of conduct"; 3) concluding that clear and convincing evidence supported the allegation that a reasonable person would suffer emotional distress as a result of Puhi's conduct; and 4) failing to file written findings of fact. We conclude that there was insufficient evidence to support the district court's finding that Puhi had engaged in a course of conduct constituting harassment. We therefore reverse the district court's Order.

I.
HRS § 604-10.5 (Supp. 2008) provides in relevant part as follows:
§ 604-10.5 Power to enjoin and temporarily restrain harassment. (a) For the purposes of this section:
"Course of conduct" means a pattern of conduct composed of a series of acts over any period of time evidencing- a continuity of purpose.
"Harassment" means:
(1) Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault; or
(2) An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual, and that serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.
(b) The district courts shall have power to enjoin or prohibit or temporarily restrain harassment.
. . . .
(f) . . . .
. . . .
If the court finds by clear and convincing evidence that harassment as defined in paragraph (1) of that definition exists, it may enjoin for no more than three years further harassment of the petitioner, or that harassment as defined in paragraph (2) of that definition exists, it shall enjoin for no more than three years further harassment of the petitioner; provided that this paragraph shall not prohibit the court from issuing other injunctions against the named parties even if the time to which the injunction applies exceeds a total of three years.
(Emphases added.)
The district court's decision to grant the injunction against Puhi was based on its finding that Puhi had harassed the Parkers within the meaning of paragraph (2) of the harassment definition set forth in HRS § 604-10.5(a). The district court found that
Mr. Puhi has intentionally entered into a knowing course of conduct that seriously alarms or disturbs or consistently bothers both of the petitioners. And that his conduct at the restaurant here at Paddlers' Inn in this particular instance served no legitimate purpose. And it would cause a reasonable person based on the context of the circumstances, the context of this incident and its background to suffer emotional distress. And I do find there is clear and convincing evidence of that.
The legislative history of HRS § 604-10.5(a) indicates that the Legislature's purpose in prohibiting harassment as defined in paragraph (2) of the harassment definition was "'to prevent harassment that cannot be effectively controlled by criminal processes and penalties' and to adopt a `civil statute that can be used to interrupt systematic and continuous intimidation that stops short [of] assault or threats.'" Luat v. Cacho, 92 Hawai`i 330, 342, 991 P.2d 852 (App. 1999) (quoting Sen. Stand. Comm. Rep. No. 19-86, in 1986 Senate Journal, at 780).

II.
We conclude that there was insufficient evidence for the district court to find that Puhi engaged in a pattern of conduct composed of a series of acts which constituted harassment under paragraph (2) of the harassment definition set forth in HRS § 604-10.5(a). The evidence presented only established one incidentthe incident where Puhi walked up to the Parkers' table at the Paddlers' Inn restaurantin which Puhi engaged in conduct that alarmed, disturbed, or bothered the Parkers. Although Keith stated that Puhi had made faces at Keith while in a restaurant on other occasions, Keith testified that those prior incidents did not bother him because Puhi remained two or three tables away. The district court erred in basing its Order on one incident. There was insufficient evidence to show that Puhi engaged in the requisite "pattern of conduct composed of a series of acts" that "seriously alarm[ed] or disturb[ed] consistently or continually bother[ed]" Keith or Melony Parker. HRS § 604-10.5(a).
The district court did not find that Puhi engaged in harassment within the meaning of paragraph (1) of the harassment definition set forth in HRS § 604-10.5(a). Nor does our review of the record reveal evidence that would support a finding of harassment under paragraph (1) of the statutory harassment definition.

III.
The "Order Granting Petition for Injunction Against Harassment" that was filed by the district court on October 14, 2008, is reversed.
NOTES
[1] The Honorable Barclay E. MacDonald presided.
[2] In light of our disposition of this appeal, the discrepancy between the district court's oral ruling and the Order is not material.